UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL TALAVERA,

        Plaintiff,

v.                                            Cause No. 22-cv-395-GJF-SCY

HELLEN TAPIA, HOMEGOODS, INC, a
foreign for-profit corporation, and
WRI NORTH TOWNE, LLC, a foreign
limited liability company,

        Defendants.

## DEFENDANTS' MOTION TO DISMISS FOR FRAUDULENT JOINDER AND JOINT NOTICE OF REMOVAL

COMES NOW Defendants HOMEGOODS, INC. and KIMCO REALTY, formerly known as WRI North Towne, LLC, ("Defendants") by and through counsel of record, LEWIS BRISBOIS BISGAARD & SMITH, LLP (Jill M. Collins and Dominique C. Oliver), and move this Court for Dismissal under the fraudulent joinder doctrine for non-diverse Defendant Hellen Capilla, incorrectly identified as "Hellen Tapia,"[1] in Plaintiff's Complaint ("Compl."). Because Plaintiff has no possibility of recovery against Defendant Hellen Capilla, Defendants also provide notice of removal based on complete diversity among the properly joined defendants, HomeGoods, Inc. and Kimco Realty Corporation, as successor-in-interest to WRI North Towne, LLC,[2]. In support of its Motion, Defendants provide as follows:

---

[1] Defendants refer to Defendant Hellen Tapia by her correct name, Hellen Capilla. *See* Ex. A, Decl. of Hellen Capilla.

[2] WRI North Towne, LLC no longer exists. Kimco Realty Corporation is the legal successor to WRI.

1

## BACKGROUND AND RELEVANT FACTS

1. On February 1, 2022, Plaintiff filed his Complaint against HomeGoods, Kimco, and Hellen Capilla in the Second Judicial District Court, State of New Mexico, County of Bernalillo, asserting a single claim of negligence arising from an alleged accident occurring on September 26, 2020. *See generally,* Plaintiff's Complaint.

2. The incident alleged in Plaintiffs Complaint occurred outside of a HomeGoods store located 5901 Wyoming, Albuquerque, New Mexico on September 26, 2020, a commercial plaza-style property "owned, managed, or occupied" by Kimco's predecessor-in-interest, WRI North Town. *See* Compl. at ¶¶ 7,11.

3. Plaintiff contends, "[u]pon information and belief, [Defendant Capilla] … is the store manager at HomeGoods Inc." and on September 26, 2020, HomeGoods and its agents and employees owed a duty of care to Mr. Talavera. *See* Compl.¶ 9.

4. Plaintiff further contends HomeGoods and their agents and employees "failed to exercise ordinary care to keep the premises safe for use by visitors, by failing to….maintain an unobstructed walkway" causing plaintiff to fall, resulting in injuries for which Ms. Capilla is liable. *See* Compl. ¶¶ 9, 11-12.

5. Ms. Capilla was not employed with HomeGoods on September 26, 2020, nor was she involved in the alleged accident. *See* Declaration of Hellen Capilla, dated May 23, 2022, attached hereto as **Exhibit A**.

6. Plaintiff's Complaint fails to allege any specific tortious act committed by Ms. Capilla that would have proximately caused or contributed to Plaintiffs alleged injuries or resulting damages. *See* generally, Compl.

## AUTHORITY AND ARGUMENT

Plaintiff has fraudulently joined Ms. Capilla, who is a non-diverse individual to defeat an invocation of diversity jurisdiction by HomeGoods and Kimco. Such tactic is improper and Plaintiff's Complaint should be dismissed because Hellen Capilla is an improper party to this suit. The parties who have been properly joined to this lawsuit, Defendants HomeGoods and Kimco, are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants therefore invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and pray this Court dismiss Defendant Capilla [Hellen Tapia] from this action so that Defendants may properly remove the claims alleged against it to federal court.

### I. Defendants May Remove this Case to Federal Court on the Basis of Diversity Because Plaintiff Cannot Establish a Cause of Action Against Defendant Capilla.

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quotation omitted). "[T]his District has consistently adopted the 'possibility' standard when assessing fraudulent joinder claims." *Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1091 (D.N.M. 2020). Indeed, Ms. Capilla is a resident and citizen of the State of New Mexico; however, Ms. Capilla's citizenship is irrelevant to the citizenship of the parties because Plaintiff has fraudulently joined Ms. Capilla for the purpose of filing this case in New Mexico state district court and for the purpose of avoiding diversity jurisdiction. Because neither HomeGoods nor Kimco is a citizen of New Mexico, this Court has diversity jurisdiction over Plaintiff's claim absent the baseless claims against Ms. Capilla.

### A. Fraudulent Joinder Cannot Defeat Federal Jurisdiction

"A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 948 (D.N.M. 2018) (citing *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)), *Gutierrez v. Geofreddo*, 2021 U.S. Dist. LEXIS 61721, at *53 (D.N.M. Mar. 31, 2021)(Browning, J.) ("A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction."). "[A] fraudulent joinder analysis [is] a jurisdictional inquiry," *Bio-Tec Envtl., LLC v. Adams*, 792 F. Supp. 2d 1208, 1214 (D.N.M. 2011) (citing *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004)), "and, thus, the Tenth Circuit instructs that the district court should 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *McDaniel v. Loya*, 304 F.R.D. 617, 627 (D.N.M. 2015) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). In this case, Defendants address only the second prong set forth in *Dutcher v. Matheson* to demonstrate fraudulent joinder as to Ms. Capilla. According to *Dutcher*, the removing parties must demonstrate Plaintiff's inability to establish a cause of action against the non-diverse party in state court." *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

### B. Plaintiff has no possibility of recovery against Capilla.

Plaintiff's claims against Ms. Capilla must fail because (1) Ms. Capilla was not an employee or manager of HomeGoods on September 26, 2020, the date of Plaintiff's alleged incident; and (2) the Complaint fails to alleges any tortious act for which Defendant Capilla could be found liable to Mr. Talavera in her personal capacity. "It is axiomatic that a negligence action requires that there be a duty owed from a defendant to a plaintiff based on a standard of reasonable care under the circumstances,

the defendant breached that duty; and that the breach was a cause in fact and proximate cause of the plaintiff's damages." *Romero v. Giant Stop-N-Go of N.M., Inc.,* 2009-NMCA-059, ¶ 5, 146 N.M. 520. The absence of any element is fatal to Plaintiff's negligence claim. *Id.* (emphasis added).

Under Rule 20 of the Federal Rules of Civil Procedure, a defendant may be joined as a proper party only when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, Plaintiff names Ms. Capilla in her capacity as manager of the HomeGoods where Plaintiff alleges he was injured on September 26, 2020. *Compare Leonnet v. Sprouts Farmers Mkt., Inc.*, No. 1:18cv1000 RB/JHR, 2019 U.S. Dist. LEXIS 138795, *5-6 (D.N.M. Aug. (Browning, J.) Plaintiff makes no direct allegation against Ms. Capilla. Rather, Plaintiff's only allegation pertaining to Ms. Capilla states, "[u]pon information and belief, [Capilla] is the store manager at HomeGoods Inc." *See* Compl. ¶¶ 7-8. As evidenced by declaration, Ms. Capilla was not in fact employed at HomeGoods located at 5901 Wyoming, Albuquerque, New Mexico on September 26, 2020. *See* **Exhibit A**. Indeed, Ms. Capilla was neither a manager, employee, or agent of HomeGoods so as to have any duty of care [vicarious or otherwise] to Mr. Talavera on the date of the incident alleged in the Complaint. It follows that absent such duty, the claims against Ms. Capilla must fail. *See Romero, supra,* 2009-NMCA-059, ¶ 5, 146 N.M. 520. Defendants have "pierced the pleadings" insofar as demonstrating to the Court that Plaintiffs have no possibility of recovery against Ms. Capilla based on the allegations in Plaintiffs Complaint. Ms. Capilla is an improper party to this lawsuit and the Court should dismiss Plaintiff's claims against Ms. Capilla, disregarding her citizenship in determining whether diversity jurisdiction exists among the parties in this case.

**II. HomeGoods and Kimco May Properly Remove this Case on the Basis of Diversity.**

Valid basis exists for removal of this action on this basis of diversity because the real parties in interest are diverse and the amount in controversy exceeds $75,000.00. Plaintiff Raul Talavera is a citizen of New Mexico. *See* Compl. ¶ 1. HomeGoods is a Delaware corporation with its principal place of business in Massachusetts. Kimco is a Maryland corporation with its principal place of business in New York. Accordingly, the properly joined Defendants and Plaintiff are diverse. Finally, because Plaintiff has demanded more than $75,000 from Defendants, the amount in controversy exceeds the minimum threshold for diversity jurisdiction, as required under 28 U.S.C. § 1332(a). As explained *supra*, this Court should disregard Capilla's citizenship in determining whether there is diversity jurisdiction. Accordingly, this court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

**A. Removal Complies With Procedural Requirements.**

Plaintiff served Defendants the Complaint and provided Defendants an extension to Answer until May 23, 2023. Defendants removed this case to federal court within thirty (30) days of Plaintiff's extension, and after ascertaining that Plaintiff improperly joined Defendant Capilla to defeat diversity jurisdiction. *See* 28 U.S.C. § 1446. Removal to this District is proper because the United States District Court for the District of New Mexico embraces the county in which Plaintiff filed the state court action. Further, unanimous consent to removal of this action under 28 U.S.C. § 1446(b)(2)(A) is not required because Defendant Capilla has been fraudulently joined.

*Worthington v. MGA Ins. Co. Inc.*, 2017 WL 3142030, at *3 (D.N.M. July 24, 2017) (holding that the consent of the improperly joined defendants is not required where the defendant asserts they were fraudulently joined). Accordingly, Defendants properly removed this case to this Court under 28 U.S.C. § 1446(a). In accordance with 28 U.S.C. § 1446(d), Defendants will give timely written notice of the removal to all adverse parties and will file the same with the Second Judicial District Court, State of New Mexico, County of Bernalillo.

## **CONCLUSION**

Defendants, HomeGoods, Inc. and Kimco Realty, as successor-in-interest to WRI North Towne, LLC pray the above styled and named action pending in the Second Judicial District Court, State of New Mexico, County of Bernalillo be removed to this federal court and, further, that the Court dismiss Defendant Hellen Capilla under the fraudulent joinder doctrine.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Dominique C. Oliver*
   Dominique C. Oliver
   Jill M. Collins
   *Attorneys for Defendants HomeGoods Inc.,*
   *and Kimco Realty*
   8801 Horizon Blvd. NE, Suite 300
   Albuquerque, New Mexico 87113
   Phone: (505) 828-3600
   dominique.oliver@lewisbrisbois.com
   jill.collins@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May 2022, I filed the foregoing electronically through the CM/ECF serve system, which caused the following parties to be served by electronic means, as per the Notice of Electronic Filing:

PARNALL LAW FIRM, LLC

Gregory D. Abel
P.O. Box 8009
Albuquerque NM 87198
Phone: (505) 268-6500
Email: greg@parnalllaw.com

Brian J. Murray
P.O. Box 8009
Albuquerque NM 87198
Phone: (505) 268-6500
Email: BrianMurray@parnalllaw.com

*/s/Dominique C. Oliver*
   Dominique C. Oliver

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL TALAVERA,

        Plaintiff,

v.                                      Cause No. _____

HELEN TAPIA, HOMEGOODS, INC, a
foreign for-profit corporation, and
WRI NORTH TOWNE, LLC, a foreign
limited liability company,

        Defendants.

## DECLARATION OF HELLEN CAPILLA

I, Hellen Capilla, under penalty of perjury under the laws of the State of New Mexico state::

    1.    I am over eighteen years of age and have personal knowledge of the statements made in this affidavit.

    2.    I am the current store manager of HomeGoods located at 5901 Wyoming, Albuquerque, New Mexico.

    3.    I was hired as manager for HomeGoods on October 16, 2020 and have been continuously employed with HomeGoods since that time.

    4.    I do not know Raul Talavera and I have not had any personal interactions with him.

The foregoing statements are true and accurate and were made on this 23rd day of May 2022.

                                                                       _____
                                                                       HELLEN CAPILLA

**EXHIBIT A**